**Joseph A. DAVIDSON, Plaintiff-Appellee,**

**v.**

**ROADWAY EXPRESS, INC., Defendant-Appellant.**

**Nos. 80–2153, 80–2305.**

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1981.

Decided June 5, 1981.

Rehearing Denied August 14, 1981.

James E. Hughes, Sommer & Barnard, Indianapolis, Ind., for defendant-appellant.

John Calhoun, Lewis, Bowman, St. Clair & Wagner, Indianapolis, Ind., for plaintiff-appellee.

Before BAUER, Circuit Judge, PECK, Senior Circuit Judge,* and CUDAHY, Circuit Judge.

CUDAHY, Circuit Judge.

Plaintiff filed this action for wrongful discharge against his employer, Roadway Express, Inc., and alleged a violation of the collective bargaining agreement between his employer and plaintiff's union, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (the "Union"). Plaintiff seeks to avoid the consequences of his failure to prevail on his wrongful discharge claim in the otherwise binding grievance procedure established by the contract by alleging that the Union did not fairly represent him in that procedure. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Juris-

diction is based upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976). The district court ruled that the Union had not fairly represented the plaintiff in the grievance procedure, and a jury found that Roadway had discharged plaintiff in violation of the collective bargaining agreement.

We need address only one of the issues raised by Roadway on this appeal to resolve the matter. Roadway asserts that plaintiff failed to file this action within the applicable statute of limitations. We agree and, accordingly, reverse the judgment of the district court.

Congress has not enacted a specific statute of limitations for § 301 actions. The "timeliness of a Section 301 suit is to be determined, as a matter of federal law, 'by reference to the appropriate state statute of limitations.'" *Chauffeurs Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023, 1026 (7th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981) (quoting *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966)). In the instant case, the district court applied the Indiana six-year limitations period for actions based on contract. Ind.Code 34–1–2–1. In so doing, it rejected the Indiana 90-day limitations period for actions to vacate an arbitration award. Ind.Code 34–4–2–13.

Subsequent to the district court's decision and after the argument of this appeal, the Supreme Court confronted an identical choice under New York law in *United Parcel Service, Inc. v. Mitchell,* —— U.S. ——, 101 S.Ct. 1559, 67 L.Ed. 732 (1981). In *Mitchell,* the Supreme Court held that a suit against an employer under Section 301 can be most closely analogized to an action to vacate an arbitration award because the employee must first establish a flaw in the binding grievance procedure before being entitled to reach the merits of his contract claim. *Mitchell,* —— U.S. at ——, 101 S.Ct. at 1563–64. The Court also

reasoned that the short limitations period for arbitration matters fostered the important federal policy of rapidly resolving labor disputes. *Id.* In light of *Mitchell's* use of the New York arbitration limitations period, we are constrained to apply the Indiana 90-day limit established for actions to vacate an arbitration award.[1] *See also Chauffeurs Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023 (7th Cir. 1980), *cert. denied,* —— U.S. ——, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981) (applying the same 90-day limit to an action by an *employer* seeking to block a § 301 suit to enforce an arbitration award in favor of the employee).

In the instant case, the final and binding grievance committee decision was reached on March 27, 1975. Despite the absence of any contractual provision authorizing reconsideration, plaintiff made two attempts to reopen the decision. Even were we to assume that these futile efforts somehow tolled the running of the statute of limitations, the final action on the grievance would have taken place in July of 1975. Plaintiff did not file his § 301 claim until March 19, 1976, more than 7 months later. The complaint was thus untimely under the 90-day Indiana limitations period for moving to vacate an arbitration award.[2]

Accordingly, we reverse the judgment of the district court and remand with directions to dismiss the complaint.

Reversed.

United States Court of Appeals,
Seventh Circuit.

---

1. Plaintiff has attempted to argue that the grievance procedure established by the governing collective bargaining agreement is not an "arbitration" procedure. Brief for Appellee at 19. This argument ignores the fact that even though the local supplemental agreement does not explicitly describe the binding grievance procedure as an "arbitration" of the employee's claim, the supplemental agreement does in fact establish an arbitration procedure for discharge cases as contemplated by Article 8 of the National Master Freight Agreement.

2. Plaintiff's suit is also untimely under the limitations period found in § 10(b) of the National

Labor Relations Act, 29 U.S.C. § 160(b) (1976), a period based on federal law that Justice Stewart has urged should control in § 301 actions. *Mitchell,* —— U.S. at ——, 101 S.Ct. at 1565–68 (Stewart, J., concurring). The Court *Id.* —— U.S. —— at ——, 101 S.Ct. at 1562–63 n.2. We do note, however, that the logic of applying § 10(b) to a § 301 suit against a union seems less compelling when, as here, the § 301 suit is filed against the employer. *See Mitchell,* —— U.S. at ——, 101 S.Ct. at 1571 (Stevens, J., concurring).