**Prentiss KING, Plaintiff,**

v.

**CORN PRODUCTS, a unit of C.P.C. International, Inc., a Delaware corporation, and Oil, Chemical, and Atomic Workers International Union, AFL–CIO, Argo Local 7–507, an unincorporated association, Defendants.**

No. 81 C 4987.

United States District Court,
N. D. Illinois, E. D.

March 19, 1982.

Michael H. Rotman, Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for plaintiff.

Gilbert Feldman, Cornfield & Feldman, Judith M. Janssen, James W. Gladden, Jr., Mayer, Brown & Platt, Chicago, Ill., for defendants.

### Memorandum

LEIGHTON, District Judge.

This action arises out of plaintiff's discharge from his employment with defendant Corn Products ("Company") on September 27, 1979. It is brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff alleges that he was wrongfully discharged and that his union, Oil, Chemical, and Atomic Workers International Union, AFL–CIO ("Union"), wrongfully failed to process his grievance. The cause is before the court on the Union's motion for reconsideration of the order dated December 18, 1981 denying Union's motion to dismiss. The Company has also moved to dismiss the suit. As its motion involves the same issues raised by Union's motion for reconsideration, the court will address them together. The motion for reconsideration is granted. Having reconsidered, and having again carefully considered the parties' submissions and the relevant law, the court adheres to its original ruling; plaintiff's action is not barred by the statute of limitations, and plaintiff has stated a claim for unfair representation.

Both Union and the Company contend that this case is governed by *United States Postal Service v. Mitchell*, 451 U.S. 56, 101

S.Ct. 1559, 67 L.Ed.2d 732 (1981), and *Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir. 1981), which applied the state statute of limitations for actions to vacate arbitration awards to actions under Section 301. In its December 18, 1981 order, this court distinguished those cases on the ground that they both involved situations where some decision had been made as to the merits of the employee's grievance. In *Davidson,* a grievance committee upheld the plaintiff's discharge. In *Mitchell,* a grievance committee composed of both union and company representatives held a hearing and then issued a decision upholding the discharge. In the present case, Union did nothing on plaintiff's grievance; no hearing or arbitration was held. Thus, as this court held in its original order, "he is not seeking to overturn a decision upholding his discharge, rather he is challenging the Union's refusal to make any decision regarding his claim." *Memorandum,* p.3. In support of their position, the defendants cite a recent decision by Judge Shadur, *Bigbie v. Local 142, International Brotherhood of Teamsters,* 530 F.Supp. 402 (N.D.Ill. 1981). There, the union declined to process a grievance on behalf of plaintiffs. Judge Shadur held that *Mitchell* governed the case and that the action was barred by the statute of limitations. The court reasoned that refusal to process the grievance was the first stage of the grievance procedure. It then held that *Mitchell* applies regardless of which point in the grievance procedure the union's breach of its duty of fair representation occurs. This court feels that the case before Judge Shadur is distinguishable on its facts from the one before it. In *Bigbie,* a decision not to process the grievance was made and communicated to the plaintiffs. Whereas here, no decision was made, rather, nothing was done with respect to plaintiff's grievance. Further, the fact that nothing was being done was not communicated to plaintiff until after the time to file a grievance had passed. However, even if *Bigbie* were not factually distinguishable, this court, with all due respect to Judge Shadur, concludes that the holding in *Bigbie* is a misreading of *Mitchell* and *Davidson.*

■ The Seventh Circuit in *Davidson,* read *Mitchell* as holding that,

> ... a suit against an employer under Section 301 can be most closely analogized to an action to vacate an arbitration award because the employee must first establish a flaw *in the binding grievance procedure* before being entitled to reach the merits of his contract claim. *Mitchell* [451 U.S. at 61–63], 101 S.Ct. at 1563–64.

(emphasis added) *Davidson,* 650 F.2d at 903. In *Mitchell,* the Supreme Court, after noting that plaintiff there was in effect complaining of the decision of the grievance committee, held that in such a situation, the plaintiff "was required to show that the Union's duty to represent him fairly *at the arbitration* had been breached before he was entitled to reach the merits of his contract claim." (emphasis added) *Mitchell,* 451 U.S. at 63, 101 S.Ct. at 1564. In this case, as in *Bigbie,* it is not the union's representation that is being challenged, it is the failure or refusal to provide representation that is being attacked. The procedures and the resultant decisions that were challenged in *Mitchell* and *Davidson* never occurred in the present case and *Bigbie.* Thus, what is being complained of in these latter cases is entirely different, as is the relief sought. The plaintiffs in *Mitchell* and *Davidson* sought, in effect, to vacate the decisions of the respective grievance committees. In the present case, no decision was made which plaintiff can seek to overturn. For these reasons, the court finds that *Mitchell* does not govern this case and the applicable statute of limitations is not that provided in Ill.Rev.Stat. ch. 10, § 112(b) for actions to vacate arbitration awards.

■■ The next question is what statute of limitations is applicable? In its previous order, the court held that in a situation such as here, where the union fails to take any action, the applicable statute of limitations is Ill.Rev.Stat. ch. 83, § 17, which establishes a ten year limitations period for actions on a written contract. In support of its

**572**

adoption of this statute of limitations the court noted that "plaintiff is challenging the union's refusal, in breach of the collective bargaining agreement, to initiate the grievance process." *Memorandum*, p.3. The Union has incorrectly interpreted this statement as signifying that this court has failed to recognize that a union's duty of fair representation is a statutory not a contractual duty. As the Union so aptly points out in its brief, the duty of fair representation is a statutory one arising out of the Labor Management Relations Act. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). However, what the Union seemingly fails to understand is that when determining which statute of limitations is applicable in Section 301 actions, a court must analogize. In other words, the court must determine what type of action a particular Section 301 action is most like. Thus, in adopting the statute of limitations applicable to actions to vacate arbitration awards in *Mitchell*, the court noted that "[a]lthough respondent did not style his suit as one to vacate the award of the Joint Panel, if he is successful the suit will have that direct effect." *Mitchell*, 451 U.S. at 61, 101 S.Ct. at 1563. So, this court in adopting the statute of limitations for contract actions noted that plaintiff's action was *in effect* a contract action.

The court is aware that the adoption of a ten year statute of limitations conflicts with the federal policy of rapid disposition of labor disputes. However, while this policy may provide the basis for choosing between potentially applicable statutes, *see International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966), it has never barred the use of longer statutes of limitations nor mandated the exclusive use of relatively shorter ones.

Finally, both Union in its motion for reconsideration, and Company in its motion to dismiss, contend that plaintiff has failed to state a claim for unfair representation. However, as this court held in its order of December 18, 1981, "plaintiff's allegations, if true, support a conclusion that the Union acted arbitrarily in its handling of his case...." *Memorandum*, p.2, and therefore, they state a claim. *Vaca*, 386 U.S. at 190, 87 S.Ct. at 916. Accordingly, and for the stated reasons, the court adheres to its ruling of December 18, 1981 denying Union's motion to dismiss. Similarly, Company's motion to dismiss is denied.