Scott FOLTZ, Plaintiff,

v.

TEAMSTERS LOCAL UNION 414 and
Food Marketing Corporation,
Defendants.

Civ. No. F 83–63.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 8, 1983.

Steven L. Jackson, Torborg, Miller, Moss
& Harris, Fort Wayne, Ind., for plaintiff.

Gary L. Greenberg, Dayton, Ohio, and
William T. Hopkins, Jr., Fort Wayne, Ind.,
for Food Marketing Corporation.

Stephen J. Lerch, Levine & Lerch, Fort
Wayne, Ind., for Local 414.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on pend-
ing motions for summary judgment. De-
fendant Food Marketing Corporation (here-
inafter FMC) filed its Motion for Summary
Judgment on July 6, 1983 to which plaintiff
filed a brief in opposition on July 22, 1983.
Defendant FMC filed a reply memorandum
on August 1, 1983. One day later, on
August 2, 1983, defendant union joined in

defendant FMC's motion for summary judgment. For the reasons set forth below, the motions for summary judgment will be granted.

## Discussion

The facts, so far as material, are virtually undisputed and are as follows. Plaintiff Scott Foltz began to work for defendant Food Marketing Corporation, a wholesale distributor of food and grocery products, in December of 1978. Employed as an "order selector", plaintiff was a member of defendant Teamsters Local 414 which had entered into a collective bargaining agreement with defendant Food Marketing Corporation.

On December 30, 1980 plaintiff was discharged for allegedly unsatisfactory work performance. Plaintiff filed a grievance protesting the discharge with Local 414 pursuant to the collective bargaining agreement. Because the grievance was not resolved to plaintiff's satisfaction in the first two steps of the grievance procedure, Local 414 appealed plaintiff's grievance to the Labor Management Council. A hearing was held in Chicago on February 3, 1981 by that Council. The Council decided to uphold plaintiff's grievance and return him to work with full seniority, except for a seven day suspension.

Upon plaintiff's return to work as an order selector at FMC in April of 1981, his performance was monitored by FMC. Dissatisfied with his performance, defendant FMC terminated plaintiff on May 8, 1981 whereupon plaintiff again filed a grievance. As with the first grievance, the second grievance found its way to the Labor Management Council in Chicago. Unlike the first grievance, however, the Council decided to deny plaintiff's grievance and so informed him of this decision at the close of the June 26, 1981 hearing.

While plaintiff was pursuing his individual grievance, a "class action grievance" had been filed on behalf of certain warehouse employees at Food Marketing Corporation in opposition to new production standards which had taken effect on February 9, 1981. The grievance was submitted to arbitration. In October 1981, the arbitrator, while approving of the theory behind FMC's new system, directed FMC to rescind disciplinary actions which had been taken on the basis of these production standards. This decision was clarified in a subsequent opinion issued on December 26, 1981.

The effect of the arbitrator's decision upon plaintiff's individual grievance is highly disputed by the parties. Plaintiff argues that the language utilized in the arbitrator's decision was broad. Since the arbitrator found that discipline imposed for not reaching production standards should be rescinded, plaintiff argues that the decision was broad enough to encompass his individual grievance because he had been terminated for poor work performance. Defendants, on the other hand, argue that the arbitrator's decision did not apply to plaintiff because his termination preceded the decision and that the Labor Management Council's June 26, 1981 decision to deny plaintiff's grievance had become final and binding under the collective bargaining agreement. Thus, defendants argue that this court cannot enforce the subsequent arbitration award on plaintiff's behalf.

Based upon the foregoing factual scenario, plaintiff filed suit in this court on February 18, 1983. In moving for summary judgment, defendants present many arguments, several of which rest upon the interpretation given the arbitrator's decision. Yet as will be seen, the court is of the view that even if the arbitrator's decision could be deemed to have applied to plaintiff, his present claim must nonetheless fail because it is time-barred.

The gravamen of plaintiff's complaint rests upon his allegations that the company violated the collective bargaining agreement and that the union breached its duty of fair representation by failing to recognize that the arbitrator's decision on the "class action grievance" applied to plaintiff and superseded his discharge based upon the individual grievance. This litigation, consequently, comprises two causes of ac-

tion: one against the company and one against the union. The suit against the company rests on section 301 of the Labor Management Relations Act, *Hines v. Anchor Motor Freight,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976), while the suit against the union is implied under the scheme of the National Labor Relations Act, *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967). As such, this action constitutes a hybrid section 301/fair representation claim which amounts to a direct challenge to the private settlement of disputes under the collective bargaining agreement. *United Parcel Service v. Mitchell,* 451 U.S. 56, 66, 101 S.Ct. 1559, 1565, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring).

 The Supreme Court recently had occasion to determine what statute of limitations should govern hybrid section 301/fair representation suits in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). In *DelCostello,* the Court found that the close similarity of interest raised by such hybrid suits is best accommodated by reference to section 10(b) of the National Labor Relations Act, which provides a six month period for bringing charges of unfair labor practices. *Id.,* 462 U.S. at 168, 103 S.Ct. at 2292. Consequently, there is no longer any doubt as to which statute of limitations should apply in this action. *DelCostello* clearly establishes that hybrid section 301/fair representation suits, such as this, are governed by the six month provision of section 10(b).

Apparently conceding that *DelCostello* supplies the appropriate statute of limitations for cases such as this one, plaintiff nonetheless argues that application of *DelCostello* to the facts of this case would be inappropriate. This is so, plaintiff argues, because the Supreme Court decision in *DelCostello* was handed down almost four months after the filing of his complaint in this court. Since the Supreme Court did not indicate that its decision was to be applied retroactively, "[t]his District Court should not lightly undertake to give retro-

active effect to a decision of the Supreme Court when it does not expressly do so itself." ("Brief in Opposition to Defendant Food Marketing Corporation's Motion for Summary Judgment", Record at 33, p. 9).

 Generally, recent authoritative decisions should be applied to pending cases unless its application would be fundamentally unfair or burdensome. *See Chevron v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In determining whether a holding should be applied retroactively, consideration should be given to whether the decision establishes a new principle of law; whether retrospective application will further or retard operation of the new rule; and whether it would be inequitable to impose the decision retroactively. *Id.* at 106–7, 92 S.Ct. at 355–56.

 Looked at in terms of the foregoing, it is clear that *DelCostello* did not represent such a break with past precedent that its application to this case would be inequitable. True, the decision in *DelCostello* was the first case in which the United States Supreme Court applied a federal, as opposed to state, statute of limitations to a section 301 claim against both an employer and a union. However, such a possibility was intimated by Justice Stewart in his concurring opinion in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). More importantly, the rule espoused in *DelCostello,* works to plaintiff's advantage for prior to that decision, it had been consistently held that the appropriate statute of limitations for section 301 claims, as derived from state law, was ninety days in Indiana. *See Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir.1981); *Chauffeurs Local 135 v. Jefferson Trucking Co.,* 628 F.2d 1023 (7th Cir.1980), *cert. denied,* 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). Thus, the Supreme Court decision in *DelCostello,* which doubled the statute of limitations for parties such as present plaintiff, actually works to plaintiff's benefit and his argument to the contrary, while facially appealing, is without merit.

**4**

Since *DelCostello* established that a six month limitation is to be applied in hybrid section 301 claims, it is clear that present plaintiff's claims are time-barred. When all inferences are drawn in plaintiff's favor, the record reflects that as of the end of April 1982, plaintiff knew that his grievance would not be reconsidered even in light of the class action grievance. Plaintiff admitted as much in his deposition and further stated that this refusal to act on the part of the union was the reason for his contacting an attorney in May of 1982. (Foltz deposition, pp. 69, 74, 96).

In determining that as of late April 1982 plaintiff knew that the union would no longer press his grievance, the court finds that the February 18, 1983 filing date of the complaint was not timely. This is so because more than six months had elapsed between the time when plaintiff understood, beyond doubt, that the union decision was final since, as of late April 1982, plaintiff could have filed his charge. *See NLRB v. California School of Professional Psychology*, 583 F.2d 1099 (9th Cir. 1978); *Nazareth Regional High School v. NLRB*, 549 F.2d 873 (2d Cir.1977). Plaintiff's complaint, therefore, was filed beyond the statute of limitations and consequently defendants' motions for summary judgment must be granted.

### Conclusion

On the basis of the foregoing, defendant Food Marketing Corporation's July 6, 1983 Motion for Summary Judgment and defendant Teamsters Local Union 414's August 2, 1983 joinder in the same must be, and hereby is, GRANTED. Each party to bear their own costs.