COMPONENT SYSTEMS, INC. v. MURRAY
ENTERPRISES OF MINNESOTA, INC.

217 N. W. 2d 514.

April 26, 1974—No. 44293.

*Hillstrom, Kircher, Duffy & Nelson, Walter J. Duffy, Jr.,* and *Bradley Martinson,* for appellant.

*Shanedling, Phillips, Gross & Aaron* and *Richard T. Wylie,* for respondent.

Heard before Sheran, C. J., and Todd, MacLaughlin, and McRae, JJ., and considered and decided by the court.

MacLAUGHLIN, JUSTICE.

This case involves an arbitration proceeding between appellant, Murray Enterprises of Minnesota, Inc., and respondent, Component Systems, Inc. On December 8, 1972, respondent moved the district court to confirm an arbitration award. Over appellant's objections the motion was granted and judgment entered. This is an appeal from that judgment. We affirm.

On January 13, 1971, appellant and respondent entered into an agreement for the liquidation of Glacier Homes, Inc., a corporation owned jointly by them. The agreement contained a provision requiring that any dispute arising during the liquidation be submitted to binding arbitration. Specifically, the agreement provided:

"It is agreed by and between the parties that any and all disputes that arise in connection with the winding up of the affairs of Glacier, the liquidation thereof and all matters pertaining thereto will be submitted for absolute and binding arbitration to Alvin S. Malmon, 115 Hennepin Avenue, Minneapolis, Minnesota. Mr. Malmon's decision on this dispute shall be final and binding upon the parties and there shall be no appeal to any court from his decision."

At the time of the execution of the agreement, Malmon was the attorney for both of the parties, and this fact was known to each of them.

At some time during the liquidation proceedings, a dispute arose between the parties which was submitted to Malmon for

arbitration. Appellant retained Attorney K. E. Schumacher to act on its behalf in negotiating the dispute. Schumacher's affidavit indicates that he had numerous telephone conversations with Malmon concerning the accounting principles that were being applied in the liquidation. On March 7, 1972, Malmon wrote a letter to appellant's president in which he referred to the "proposed findings on Glacier," which he had forwarded to the parties a week or two earlier. In the March 7 letter, Malmon said that, after receiving the proposed findings, respondent had called certain matters to his attention. Malmon requested appellant's president to notify him within 3 weeks of his reaction to respondent's comments on the proposed findings. Malmon stated that his action in forwarding the proposed findings was taken so that "each party [will] have a chance at one final appeal if they [are] in a position to provide concrete evidence of the findings being incorrect." Malmon stated in his letter that he would be out of town for 3 weeks but that when he returned, "I will finalize my arbitration award and the matter will be completed." The record does not disclose whether appellant responded to Malmon's letter.

On March 31, 1972, Malmon signed and issued a document entitled "ARBITRATION AWARD," which set out his findings and conclusions. Schumacher acknowledged receipt of the award in a letter to Malmon dated April 6, 1972, in which he restated his disagreement concerning certain items contained in the award.

Thereafter, upon respondent's motion of December 8, 1972, the district court issued an order confirming the award on January 15, 1973. Judgment thereon was entered 3 days later. Appellant raises several issues in this court regarding the procedures used by the arbitrator in arriving at the award. However, we have concluded that the trial court must be affirmed because appellant did not act in a timely fashion in contesting the award.

In the absence of a contrary agreement between the parties, written agreements to arbitrate are interpreted with reference to the Uniform Arbitration Act. Minn. St. c. 572. Niazi v. St.

Paul Mercury Ins. Co. 265 Minn. 222, 121 N. W. 2d 349 (1963). The Uniform Arbitration Act, § 572.18, states:

"Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 572.19 and 572.20."

Section 572.19 deals with the procedure for vacating an award and provides in relevant part:

"Subdivision 1. Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficent cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing * * * as to prejudice substantially the rights of a party;
* * *

\* \* \* \* \*

"Subd. 2. An application under this section shall be made within ninety days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known."

The act plainly requires that an application to vacate an award must be made within 90 days after delivery of the award to the applicant unless the award is predicated upon corruption, fraud, or other undue means, in which case the vacation application must be made within 90 days after such grounds are known or should have been known. In this case respondent made applica-

tion to confirm the award over 8 months after the award was delivered, and no application to vacate had been made by appellant during that time. Therefore, the trial court was obliged to confirm the award.

Appellant asserts that the 90-day period does not deprive a party of the right to a hearing on a motion to vacate an award when the motion to vacate is contained in an answer filed in a proceeding to confirm the award. In the face of the unambiguous language of the Uniform Arbitration Act, we cannot accept appellant's assertion. Further, courts in several other states have held that a motion to vacate an award, in the absence of corruption, fraud, or other undue means, is absolutely barred when not brought within the 90-day limitation period. In re Mayo Realty Corp. 68 N. Y. S. 2d 843 (1947); Heidelberger v. Cooper, 300 N. Y. 502, 89 N. E. 2d 21 (1949); Airways Supermarkets Inc. v. Santone, 277 App. Div. 722, 102 N. Y. S. 2d 649 (1951); Emporium Area Joint School Authority v. Anundson Const. & Bldg. Supply Co. 402 Pa. 81, 166 A. 2d 269 (1960); Nix v. Spector Freight System, Inc. 62 N. J. Super. 213, 162 A. 2d 590 (1960).

Finally, appellant contends that the award was procured by corruption, fraud, or other undue means. In support, it refers to the fact that the arbitrator was at one time the attorney for both parties and complains of the failure of the arbitrator to conduct a hearing prior to making the award. While we doubt the wisdom of an attorney's accepting designation as an arbitrator under these circumstances, the record is clear that both parties were aware of Malmon's relationship to the other at the time they freely entered into the agreement. Further, the fact that no hearing was held was well known to appellant at the time it received the award and no application to vacate on that ground was made within the 90-day statutory period. Appellant contends it was unaware that the arbitrator's March 31, 1972, award was a final award. While there may have been some confusion and misunderstanding, we cannot accept this contention. The letter sent by Malmon to appellant on March 7, 1972, stated that he was

going to make his final award in a few weeks, and the award itself was entitled "ARBITRATION AWARD." We find no error in the confirmation of the award by the trial court.

Affirmed.