**CHAUFFEURS, TEAMSTERS, WAREHOUSEMEN AND HELPERS, LOCAL UNION NO. 135, Plaintiff–Appellee,**

v.

**JEFFERSON TRUCKING COMPANY, INC., Defendant–Appellant.**

No. 79–2017.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 26, 1980.*

Decided Aug. 28, 1980.

---

* This appeal has been submitted for decision solely on the basis of the record and the briefs filed on behalf of the parties. *See* Circuit Rule 14.

Barry L. Moon, Fenton, Mich., Gregory T. Gibbs, Green, Haldy, Gibbs & McCabe, Flint, Mich., Wm. T. White, Jr., Indianapolis, Ind., for defendant–appellant.

Richard G. McCracken, Indianapolis, Ind., for plaintiff–appellee.

Before CUMMINGS, PELL and BAUER, Circuit Judges.

BAUER, Circuit Judge.

Defendant–appellant Jefferson Trucking Company appeals from the order of the district court granting summary judgment in favor of plaintiff–appellee, Teamsters Union Local 135, on the plaintiff's complaint to enforce an arbitration award conferred under the collective bargaining agreement between the parties. We affirm.

I

The facts material to the disposition of this appeal are not in dispute. On October 18, 1977, the defendant was notified that one of its drivers, Paul Nettleton, had been involved in a serious traffic accident with a company vehicle during the course of his employment. The following day the defendant gave Nettleton and the plaintiff written notice, pursuant to Article XI of the collective bargaining agreement, that Nettleton was discharged on the ground that he was responsible for the accident due to "excessive speed for conditions." Nettleton subsequently filed a grievance under the provisions of Article X of the collective bargaining agreement. The grievance was not resolved by resort to the preliminary procedures set forth in the agreement, and the matter was ultimately submitted to the Joint Grievance Committee for resolution. On November 17, 1977, the Joint Committee ordered Nettleton reinstated to employment with full seniority and payment of lost wages.

Notwithstanding repeated demands by the plaintiff, the defendant refused to abide by the award and on April 6, 1978, the plaintiff filed a complaint in the district court to enforce the arbitration award. Subject matter jurisdiction was predicated on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Defendant responded to the complaint with an answer denying the plaintiff's allegations and further alleging eight affirmative defenses to enforcement of the award. On May 26, 1978, plaintiff filed a motion to strike de-

fendant's affirmative defenses and for summary judgment on the ground that defendant's failure to move to vacate, modify, or correct the award within ninety days of its entry as required under both federal and state law precluded the defendant from attacking the validity of the award. Defendant filed a brief in opposition to these motions and, in addition, filed a motion seeking leave to move to vacate the award of the Joint Grievance Committee.

The district court held that the defendant was barred under the applicable statute of limitations from challenging the propriety of the arbitration award and accordingly denied the defendant's motion for leave to move to vacate the award and granted the plaintiff's motion to strike the defendant's affirmative defenses and for summary judgment. *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.*, 473 F.Supp. 1255 (S.D.Ind.1979). Defendant has appealed from that adverse judgment to this Court.

### II

█ The sole issue on appeal is whether the defendant, as the unsuccessful party at arbitration and who did not move to vacate the disfavorable award within the time period prescribed for such motions, may subsequently raise contentions, which it could have raised as grounds to vacate in such a motion, as affirmative defenses in a suit to enforce the award, which suit was filed after the prescribed period for a motion to vacate but within the time limits set for filing a suit to enforce the award. We hold that the defendant's failure to move to vacate the arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award.

As a preliminary matter, we address the defendant's contention that the United States Arbitration Act of 1925 (USAA), 9 U.S.C. § 1 *et seq.*, rather than the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. § 141 *et seq.*, governs this action. In support of this contention,

plaintiff argues that in actions to confirm arbitration awards under the relevant provisions of the USAA, federal courts have permitted a delinquent motion to vacate the award. *See, e. g., Riko Enterprises, Inc. v. Seattle Supersonics Corp.*, 357 F.Supp. 521 (S.D.N.Y.1973); *Paul Allison, Inc. v. Minikin Storage of Omaha*, 452 F.Supp. 573 (D.Neb.1978). We find plaintiff's reliance on the USAA in the context of this case to be misplaced.

█ This action was brought under Section 301 of the LMRA, which provides that suits for a violation of the collective bargaining agreement between an employer and union may be instituted in any United States District Court having jurisdiction of the parties. 29 U.S.C. § 185(a). Since the decision of the Supreme Court in *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), it is settled that in the field of labor arbitration the governing law is a body of federal law to be fashioned by the federal courts under Section 301(a) of the LMRA. *Id.* at 456–457, 77 S.Ct. at 917–918. Indeed, in *Lincoln Mills* and its progeny the expansive role of the LMRA and the substantive law to be fashioned under it became manifest. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), is the most directly pertinent, for in that case it was held that the federal courts have the power under Section 301(a) of the LMRA to compel specific performance of labor arbitration awards without reviewing the merits of such awards. These cases demonstrate that Section 301 confers the jurisdictional basis and corresponding source of law governing this action.

We do not, of course, suggest that the LMRA is the exclusive choice of law in this field. But assuming *arguendo* that subject matter jurisdiction was properly predicated on the USAA, we find the provisions of that statute raise insurmountable obstacles to its applicability in this case. In the first instance, the defendant is faced with the statutory exclusion of Section 1 of the

USAA, which provides that the Act is not applicable to "contracts of employment of . . . [any] class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. As defendant readily concedes, there is a division among the circuit courts of appeals which have considered this question, not only whether collective bargaining agreements in general are excluded, but whether collective bargaining agreements for specific industries are excluded.

We find it unnecessary to decide these questions for, even assuming that the collective bargaining agreement in this case is not excluded from the coverage of the Act under Section 1, Section 9 of the Act would appear to bar defendant's claim that the USAA governs. Section 9 provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9. Since no provision of the collective bargaining agreement in the instant case permits deference to federal court as contemplated by Section 9, it would appear that defendant's reliance thereon is unavailing. Moreover, Section 12 of the Act provides that notice of a motion to vacate an award under Section 10, or to modify or correct the award under Section 11, must be served "within three months after the award is filed or delivered." 9 U.S.C. § 12. Thus, Section 9 instructs that the court "must grant" an application for confirmation unless the award is challenged within a three month period following its issuance. In this case, the defendant attacked the validity of the award nearly six months after its issuance. Accordingly, the plain meaning of Section 9 of the statute would seem to bar the defendant from raising a delinquent motion to vacate the award.

Nor do we find the cases cited by the defendant permitting a delinquent motion under Section 9 of the USAA to be persuasive. E. g., Riko Enterprises, supra. These cases rely on a misreading of The Hartbridge, 57 F.2d 672 (2d Cir.), cert. denied, 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977 (1932). We agree with the analysis of the district court in the instant case that:

> A careful reading of the facts in Hartbridge shows that a motion to confirm the arbitration award was made within one month of the award. In that context, the court indicated that a motion to vacate could still be timely filed within the three–month period, even though filed after the motion to confirm.

473 F.Supp. at 1259.

### III

We therefore conclude that subject matter jurisdiction in this case was proper under Section 301 of the LMRA. The LMRA, however, does not provide for a time limitation on actions to vacate an arbitration award in a suit to enforce the award under Section 301. Accordingly, the timeliness of a Section 301 suit is to be determined, as a matter of federal law, "by reference to the appropriate state statute of limitations." UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966). In this case, the district court correctly deferred to the Uniform Arbitration Act, adopted in Indiana, as the appropriate state statute of limitations. Section 34–4–2–12 of the Indiana Code provides:

> Confirmation of an award.–Upon application of a party, but not before ninety [90] days after the mailing of a copy of the award to the parties, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13 and 14 [34–4–2–13, 34–4–2–14] of this act. Upon confirmation, the court shall

enter a judgment consistent with the award and cause such entry to be docketed as if rendered in an action in said court.

Ind.Code § 34–4–2–12 (emphasis supplied). Section 34–4–2–13 prescribes a ninety day time limit for the filing of a motion to vacate, and the same time limit is imposed by Section 34–4–2–14 on the motion to modify or correct an arbitration award. Since the defendant failed to file such a motion within the time period prescribed by the statute, we hold the defendant is therefore barred from prosecuting its claim to invalidate the award. Other federal courts which have considered this question, in suits brought either under the LMRA or USAA, have so held. *See, e. g., Communications Workers of America v. Pacific Tel. & Tel. Co.,* 462 F.Supp. 736 (C.D.Cal.1978); *Pizzuto v. Hall's Motor Transit Co.,* 409 F.Supp. 427 (E.D.Va.1976), *International Union, United Auto, Aerospace & Agr. Implement Workers of America (UAW) v. LaCrosse Cooler Co.,* 406 F.Supp. 1213 (W.D.Wis.1976); *DeLorto v. United Parcel Service, Inc.,* 401 F.Supp. 408 (D.Mass.1975).

The conclusion that the defendant is barred by the statute of limitations from now seeking to invalidate the award finds additional support in the federal policy favoring voluntary arbitration as the most expedient method of resolving labor disputes. *See, e. g., United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Boys Markets, Inc. v. Retail Clerks Union, Local 770,* 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970). Thus, the purpose of the short periods prescribed in the federal and state arbitration statutes for moving courts to vacate an award is to accord the arbitration award finality in a timely fashion. As the district court observed, this policy would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to be given its day in court when the plaintiff brought suit in frustration to have the arbitration award enforced. If the defendant's defenses were of such vital importance to it, the defendant never-

theless had an opportunity to raise them in the manner contemplated by statute.

**IV**

■ Finally, defendant argues that the invocation of the statute of limitations operates to preclude it from defending against the action to enforce the award, in derogation of the common-law rule that statutes of limitation do not run against pure defenses. However, this argument ignores the fact that an action to enforce an arbitration award is a creature of statute and was unknown at common law. *See, e. g., Lincoln Mills, supra,* 353 U.S. at 466, 77 S.Ct. at 926 (Frankfurter, J., *dissenting*). It is settled that where by statute a right of action is given which did not exist by the common law, and the statute giving the right fixes the time period within which the right may be enforced, the time so fixed becomes a limitation on such right. *See generally* 53 C.J.S. § 102.

■ Moreover, the common-law rule applies to pure defenses, such as recoupment, and not to setoffs, counterclaims or crossclaims, all of which are regarded as affirmative actions. In this case, the statute compelled the defendant to obtain the affirmative relief of vacation of the award in order to avoid confirmation. The defendant apparently recognized this obligation when it belatedly sought to move to vacate the award. Indeed, the affirmative defenses alleged in the defendant's answer to the complaint are essentially reiterated in its motion to invalidate the award. Although the answer is not framed as a counterclaim, the "defenses" raised therein constitute a request for affirmative relief, namely, vacation of the arbitration award. A counterclaim for affirmative relief may not be asserted if barred by the statute of limitations. *See, e. g., Nalley v. McClements,* 295 F.Supp. 1357 (D.Del.1969).

**V**

We have examined the defendant's other arguments and find them to be equally without merit. For the foregoing reasons,

the judgment appealed from is affirmed and the Clerk of this Court is directed to enter judgment accordingly.

AFFIRMED.