**T & M PROPERTIES and Tim C. Miracle and Marilyn Krueger, Appellants (Defendants),**

v.

**ZVFK ARCHITECTS AND PLANNERS, Appellee (Plaintiff).**

**No. 5786.**

Supreme Court of Wyoming.

April 14, 1983.

---

Philip Nicholas of Corthell, King, McFadden, Nicholas, Prehoda & Olson, Laramie, for appellants.

Jay Dee Schaefer, Jay Dee Schaefer & Associates, Laramie, for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

BROWN, Justice.

Appellee entered into a contract with Miracle Enterprises dated February 9, 1977, and contracts with appellant T & M Properties dated February, 1977 (day of month blank in this contract) and September 1, 1977. The Miracle Enterprises contract was signed by Tim C. Miracle, owner, president. The T & M Properties contracts were signed by Tim C. Miracle, owner, partner. The three contracts were for architectural and planning services to be rendered by appellee. Each contract contained a provision for arbitration. The basic language read:

> "All claims disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law."

Appellee invoked the arbitration clauses in the contracts and initiated arbitration when a dispute arose regarding the amount of fees owed. Appellee caused to be prepared and executed a demand for arbitration.[1] This demand was directed to T & M Properties, Tim C. Miracle and Marilyn Krueger, 630 East First, P.O. Box 2160, Casper, Wyoming 81601. In the demand, reference was made to contracts dated "2/9/77, 2/9/77 [sic] 9/1/77." Attached to the demand was the contract entered into February, 1977, between appellee and T & M Properties.

On May 22, 1981, the tribunal administrator for the American Arbitration Association wrote a letter to the parties giving notice that they had received a copy of the demand for arbitration. This letter told appellants of their right to counterclaim and the rule regarding site of the arbitration hearing. A former attorney for appellants entered into correspondence with the

---

1. This demand was on a standard form (C2CR), Construction Industry Arbitration Rules, dated

May 13, 1983.

tribunal administrator and participated in the selection of an arbitrator and the place of the hearing.[2]

The arbitration hearing was held October 22, 1981. Appellants elected not to attend, although notified. The award was rendered November 2, 1981, in favor of appellee in the sum of $17,726.50, plus $5,870.78 interest. On November 6, 1981, appellants were mailed a copy of the award. On January 28, 1982, appellee filed a petition for recognition of award and judgment in the district court. Appellants answered on April 23, 1982, alleging defenses and asking that the award be vacated. Appellee's motion for a summary judgment was granted August 20, 1982. The appeal is from this judgment.

The issues are:

1. Are the appellants' defenses raised in their answer to appellee's petition for recognition of award and judgment barred by the provisions of § 1–36–114(b), W.S.1977, because they were not made within 90 days of receipt of the arbitration award?

2. Did appellants receive adequate notice of what issues were arbitrated?

3. Did the arbitrator have the power to award interest on appellee's claims?

We will affirm.

I

Section 1–36–113, W.S.1977, provides:

"Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award."

Section 1–36–114(b), W.S.1977, provides:

"An application for vacating an award shall be made within ninety (90) days after delivery of a copy of the award to the applicant, or if predicated upon corruption, fraud or other undue means it shall be made within ninety (90) days after the grounds are known or should have been known."

On November 6, 1981, appellants were mailed a copy of the award. On January 28, 1982, appellee filed a petition for recognition of award and judgment in district court under § 1–36–113, supra. Appellants contend that since appellee filed a petition under § 1–36–113, supra, then they are allowed to assert affirmative defenses regardless of the 90-day time proscriptions of § 1–36–114(b), supra. Appellee argues that the time limits of this statute apply.

Courts have ruled differently on this issue, but we think the better reasoned rule is that the time limits set out in § 1–36–114(b), supra, are applicable. It seems that the majority of jurisdictions which have adopted the Uniform Arbitration Act (7 Uniform Laws Annotated, 1978) follow this rule. In *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.*, 628 F.2d 1023 (7th Cir.1980), the court decided the question under an Indiana statute which provided:

" 'Confirmation of an award.—Upon application of a party, but not before ninety [90] days after the mailing of a copy of the award to the parties, the court shall confirm an award, *unless within the time limits hereinafter imposed* grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 13 and 14 of this act. * * * ' " 628 F.2d at 1026.

The fact that a party opposing an award delays in complying with it and effectively forces the other party into court to enforce the award should not accrue to the delaying party's benefit.

" * * * As the district court observed, this policy [of requiring a motion to vacate or an answer filed within the original 90-day period] would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to be given its day in court when the plaintiff brought its suit in frustration to have the arbitration award enforced. If the defendant's defenses were of such vital importance to it, the

2. In the correspondence, appellants' former attorney speaks of contract singular, while the tribunal administrator speaks of contracts plural.

defendant nevertheless had an opportunity to raise them in the manner contemplated by statute." *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.,* supra, at 1027.

■ Arbitration provides for voluntary settlement of disputes in an inexpensive and expeditious manner without resort to a tribunal and conducted without the rigid formality of strict rules of law. *Riverton Valley Electric Association v. Pacific Power and Light Company,* Wyo., 391 P.2d 489 (1964). Arbitration is embedded in the public policy of Wyoming and is favored by this court. *Matter of Town of Greybull,* Wyo., 560 P.2d 1172 (1977).[3] The short time period set out in § 1–36–114(b), supra, gives the arbitration award finality by forcing a party who opposes to petition the courts within 90 days.

Appellants here, through their answer, were asking for the affirmative relief of having the arbitration award vacated. There are two ways in which a party may present reasons for vacating an award: (1) by filing a petition with the trial court to vacate the award; or (2) by raising reasons supporting vacation in an answer to the other party's petition to confirm.[4] However, the answer itself must be filed within the 90-day time limit.

" * * * Although the answer is not framed as a counterclaim, the 'defenses' raised therein constitute a request for affirmative relief, namely, vacation of the arbitration award. A counterclaim for affirmative relief may not be asserted if barred by the statute of limitations. [Citation.]" *Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc.,* supra at 1027.

Appellants assert that since appellee was diligent enough to file a petition to confirm within 90 days and that since appellee consented to a late filing of the answer by appellants, then appellants' answer relates back to the date of the filing of the petition to confirm. Appellants cite no authority for the proposition that all pleadings relate back to the date of the filing of the original petition.

■ The filing of a petition to confirm thus does not extend the 90-day statutory time period within which a request for vacation of the award must be presented. *Bloom v. Landy,* Ill.App., 72 Ill.App.3d 383, 27 Ill.Dec. 878, 389 N.E.2d 1286 (1979). See also, *Hatch v. Double Circle Ranch,* 22 Ariz. App. 124, 524 P.2d 958 (1974); *Trustees of the Boston & Main Corp. v. Massachusetts Bay Transportation Authority,* 363 Mass. 386, 294 N.E.2d 340 (1973); *Component Systems, Inc. v. Murray Enterprises of Minnesota, Inc.,* 300 Minn. 21, 217 N.W.2d 514 (1974); *Emporium Area Joint School Authority v. Anundson Construction & Building Supply Co.,* 402 Pa. 81, 166 A.2d 269, 85 A.L.R.2d 774 (1960).

3. The appropriate statute for this proposition is § 1–36–103, W.S.1977:
   "A written agreement to submit any existing or future controversy to arbitration is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of the contract. This includes arbitration agreements between employers and employees or between their respective representatives unless otherwise provided in the agreement."

4. Parties may also apply within twenty days to the arbitrator to modify or correct an award under § 1–36–111, W.S.1977, which provides:
   "(a) On application of a party or an order of the court, the arbitrators may modify the award:

"(i) When there was an evident miscalculation of figures or description of a person or property referred to in the award;
"(ii) When the award is imperfect as to form not affecting the merits of the controversy; or
"(iii) For the purpose of clarifying the award.

"(b) The application shall be made within twenty (20) days after delivery of the award to the applicant. Written notice shall be given promptly to the opposing party, stating he must serve his objections within ten (10) days from receipt of the notice. The award as modified is subject to the provisions of W.S. 1–36–113, 1–36–114 and 1–36–115."

## II

Appellants contend that the demand for arbitration did not put them on notice that any dispute between Miracle Enterprises and appellee was going to be arbitrated. They argue that since they were not notified in the demand for arbitration that any contract with Miracle Enterprises was involved, and since Miracle Enterprises was not made a party to the arbitration proceedings, then the arbitrator exceeded his authority by granting any award to appellee based on a contract with Miracle Enterprises. Section 1–36–114(a)(iii), W.S. 1977, provides that a court shall vacate an award when arbitrators exceed their powers. The right to have a dispute submitted to arbitration is contractual. *Panhandle Eastern Pipeline Company v. Smith.*, Wyo., 637 P.2d 1020 (1981). An arbitrator's authority is limited by the bounds of the agreement, and courts may vacate awards that extend beyond the contractual scope of arbitration. *International Brotherhood of Electrical Workers, Local 1400 v. Citizens Gas & Coke Utility,* Ind.App., 428 N.E.2d 1320 (1981). An arbitrator exceeds his powers when he decides matters which were not submitted to him. *Himco Systems, Inc. v. Marquette Electronics, Inc.,* 86 Ill.App.3d 476, 41 Ill.Dec. 515, 407 N.E.2d 1013 (1980).

It is possible that the arbitrator did exceed his powers because the demand for arbitration read "To institute proceedings, please send three copies of this demand and the arbitration agreement * * * to the AAA * * *." Since only one contract was sent with the demand, appellants might have properly concluded that the demand referred only to that contract, which was not the contract between Miracle Enterprises and appellee. Appellants' failure to appear at the hearing could have been attributed to the fact that they thought only one contract was being arbitrated.

The real question here, however, is not whether the demand for arbitration put appellants on sufficient notice that the arbitrator was going to consider and rule on a contract with Miracle Enterprises which arguably had not been submitted to arbitration, but whether the arbitrator's award did. If the award was sufficient to alert appellants that the arbitrator had ruled on a contract with Miracle Enterprises, thereby possibly exceeding his authority, then appellants had an obligation under § 1–36–114(b), supra, to move to vacate the award within 90 days of its delivery to them.

The award delineates that T & M Properties, Tim C. Miracle, and Marilyn Krueger shall pay sums from four separate jobs to appellee. Appellants state in their brief that the award refers to jobs which are the condominium units of the Miracle Enterprises contract, impliedly conceding that they knew after they received the copy of the award that the Miracle Enterprises contract had been arbitrated. The arbitration award shows that it covers an arbitration agreement "dated 2/9/77, 2/9/77, 9/1/77," which includes the date of the contract with Miracle Enterprises. Further, circumstances of the contractual arrangements, combined with the wording of the award, should have alerted appellants that the arbitrator might have assumed that the companies and people involved were one and the same, even if such an assumption was incorrect. The record shows that T & M Properties and Miracle Enterprises have the same address. The contract between Miracle Enterprises and appellee does not list Miracle Enterprises as a corporation. It is signed by Tim Miracle as president, but there is no delineation of the status of Miracle Enterprises. Based on all of these facts, the award was sufficient to put appellants on notice that the arbitrator may have exceeded his powers, and that appellants should therefore take the necessary procedures established by statute to vacate or correct the award.

As we have already stated, the purpose of arbitration is to permit faster and less expensive resolution of contractual disputes than can be had in court proceedings. "[I]t will not do to 'hedge it about with those procedural limitations which it is precisely its purpose to avoid.'" *Riverton Valley Electric Association v. Pacific Power and*

*Light Company,* supra, at 495. The procedures themselves are less formal. All that is required is a " 'full and fair opportunity to contest the decision now said to be controlling.' " *American Insurance Company v. Messinger,* 43 N.Y.2d 184, 401 N.Y.S.2d 36, 40, 371 N.E.2d 798, 803 (1977). The award was sufficient to give appellants full and fair opportunity to contest it. Since they failed to do so within the statutorily prescribed time limits, the district court was correct in granting summary judgment.

### III

Because this court has determined that appellants failed to timely assert their claim for vacation of the award, there is no reason to rule on the propriety of the arbitrator's granting interest on appellee's claims.

Affirmed.