Mohamed D. ABD ALLA, a/k/a Mohamed D. Abd–Alla, a/k/a Mohamed D. Abdul–Allah, Respondent,

v.

Mohamed MOURSSI, a/k/a Mohamed Morsy, Appellant.

No. A03–1736.

Court of Appeals of Minnesota.

June 1, 2004.

Michael W. Bertelsen, Bell, Bertelsen Bright, Shoreview, MN, for respondent.

Stephen H. Berndt, Fridley, MN, for appellant.

Considered and decided by
SCHUMACHER, Presiding Judge;
KLAPHAKE, Judge; and
STONEBURNER, Judge.

## OPINION

ROBERT H. SCHUMACHER, Judge.

Mohamed Mourssi, a/k/a Mohamed Morsy, appeals from the district court's order confirming the decision of the Islamic Arbitration Committee and dismissing his motion to vacate the arbitration award. He argues he was denied his right to "appeal" to the committee and the committee exceeded its authority.[1] We affirm.

## FACTS

In August 2001, Mourssi and respondent Mohamed D. Abd Alla, a/k/a Mohamed D. Abd–Alla, a/k/a Mohamed D. Abdul–Allah, entered into a partnership to manage and acquire restaurants. The partnership was subject to a partnership agreement. The partnership agreement included an arbitration clause, which provides:

> Any dispute, controversy or claim arising out of or in connection with or relating to this Agreement or any breach or alleged breach hereof shall, upon the request of any party involved, be submitted to and settled by arbitration before the Arbitration Court of an Islamic Mosque located in the State of Minnesota pursuant to the laws of Islam (or at any other place or under any other form of arbitration mutually acceptable to the parties so involved). Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be entered in the highest court of the forum, state or Federal, having jurisdiction. The expenses of the arbitration shall be borne equally by the parties to the arbitration, provided that each party shall pay for and bear the costs of its own experts, evidence, and counsel.

At some point, the partnership acquired the Al–Bustan Restaurant. After purchasing the restaurant, numerous disputes arose between the partners. The parties agreed to arbitrate their difference before

---

1. Mourssi's claim is more appropriately characterized as a request for the committee to reconsider its decision and not an appeal to the committee.

an Islamic arbitration committee. In September 2002, the committee issued its decision, stating:

> After many long meetings and review of all issues that occurred between [Mourssi and Abd Alla], the committee has decided in its last meeting the following:
>
> 1. [T]here shall be no link between the problem related to Al–Bustan Restaurant and any other previous problem that occurred between the two parties, may it be financial problems or any other problem[.]
>
> 2. [S]teps toward the sale of Al–Bustan Restaurant shall start on September 20, 2002, with the first priority to purchase it granted to [Mourssi] at a price of $210,000, which was agreed upon by the parties. He shall pay the full amount in a period of no more than two months from the date specified above. In case where [Mourssi] is not interested in purchasing the Al–Bustan Restaurant, the priority shall go to his associate [Abd Alla]. In case both parties do not want to purchase Al–Bustan Restaurant, the process of selling the restaurant shall be granted to the Arbitration Committee with no interference from either of the two parties. The Arbitration Committee then shall sell the restaurant and resolve all financial rights between the two parties.

The decision also states:

> 1. The Arbitration Committee decides that Al–Bustan Restaurant has been acquired by [Mourssi], and he assumes full responsibility over the restaurant since May 1st, 2002. Beginning at this date, all profits from sales shall go to [Mourssi]. Similarly, all losses, if any, shall be assumed by [Mourssi] alone. And any problem that arise with Al–Bustan Restaurant after this date shall be the sole responsibility of [Mourssi].

> 2. Any disagreement or issues, may it be financial or other, between the two parties, the Arbitration Committee shall have the sole right to study them, to determine the harm inherent in them, and to decree what it sees suitable.
>
> 3. All decisions of the Arbitration Committee shall be binding to all parties in the dispute as is accepted by them in a written statement, and in accordance to a condition in the sale contract specifying that all disputes regarding Al–Bustan Restaurant are to be resolved according to Islamic Jurisprudence.

In a letter dated November 10, 2002, Mourssi expressed his concerns to the committee regarding its decision and argued that the decision "could be considered as a frame for a possible solution but not a solution itself since there was not any issue or numbers determined or specified." Mourssi concluded the letter stating:

> Based on all the facts I specified above, I cannot accept the decision made by the arbitration committee, and I would urge them to reconsider looking into the issue deeper, and to allow both parties to bring in documents to be the bases for resolving all problems, or to move to the next choice in the partnership agreement by taking the whole issue to the American judicial system according to the laws of the state of Minnesota.

The committee did not receive the letter until April 7, 2003.

In April 2003, Abd Alla moved the district court to confirm the arbitration award. On May 14, 2003, Mourssi responded that the court should deny Abd Alla's motion and vacate the arbitration award "on the grounds that it was procured by corruption, fraud or other undue means and that the Committee exceeded its authority." During the hearing Abd

Alla argued Mourssi had not timely contested the arbitration award and therefore could not now contest the award. Mourssi argued that under Islamic law there is no set time for appeal.

The district court remanded the matter to the committee to determine whether Mourssi had requested the committee to reconsider its decision in a timely manner, and if he did, was the decision "procured by corruption, fraud or other undue means and/or did the Committee exceed its authority." The committee responded that no right to reconsideration existed, the committee did not exceed its authority, and the decision was not procured by corruption, fraud, or other undue means. After receiving the committee's response, the district court confirmed the arbitration award.

### ISSUE

Can the district court consider Mourssi's motion to vacate the committee's arbitration award?

### ANALYSIS

On appeal, neither party contests whether the district court had jurisdiction to consider Mourssi's motion to vacate the arbitration award. Therefore, we must independently determine the extent of the district court's jurisdiction in this case. *See Herubin v. Finn,* 603 N.W.2d 133, 137 (Minn.App.1999) ("Subject matter jurisdiction cannot be conferred upon the court by consent of the parties.").

■ Although the arbitration in this case was conducted pursuant to Islamic law, judicial review of any arbitration award is limited to those matters where jurisdiction is statutorily granted. *Univ. of Minn. v. Woolley,* 659 N.W.2d 300, 308 (Minn.App.2003) (stating aggrieved school employee who choose to submit matter to arbitration is only entitled to limited judi-

cial review under chapter 572), *review denied* (Minn. Jun. 17, 2003); *see also Park Const. v. Indep. Sch. Dist. No. 32,* 216 Minn. 27, 33, 11 N.W.2d 649, 653 (1943) ("In the absence of statute ... the decisions of common-law arbitrators are not subject to judicial review and supervision.").

Abd Alla sought judicial confirmation of the arbitration award. Chapter 572 provides: "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in sections 572.19 and 572.20." Minn.Stat. § 572.18 (2002). Section 572.18 unambiguously requires the district court to confirm the arbitration award unless grounds to vacate or modify the award are properly brought before the court. *See Mut. Serv. Cas. Ins. Co. v. League of Minn. Cities Ins. Trust,* 659 N.W.2d 755, 760 (Minn. 2003) ("[W]here the intention of the legislature is clearly manifested by plain and unambiguous language, [courts] have neither the need nor the permission to engage in statutory interpretation."); Minn. Stat. § 645.44, subd. 16 (2002) (stating " 'shall' is mandatory").

■ Mourssi moved to vacate the award on the grounds that the award was procured by fraud, corruption, or undue influence and that the arbitration committee exceeded its authority. Even though Mourssi's motion to vacate was filed in response to Abd Alla's application to confirm the award, the motion is still subject to the time requirements of chapter 572. *See Component Sys., Inc. v. Murray Enters.,* 300 Minn. 21, 24–25, 217 N.W.2d 514, 516 (Minn.1974) (rejecting appellants assertion that 90–day time limit does not prevent hearing on motion to vacate when

it is asserted in answer in proceeding to confirm arbitration award).

■ Chapter 572 provides a court may consider vacating an arbitration award upon the application of a party where

> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 572.12, as to prejudice substantially the rights of a party; or
>
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under section 572.09 and the party did not participate in the arbitration hearing without raising the objection;
>
> But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Minn.Stat. § 572.19, subd. 1 (2002).

■ Section 572.19 also provides that an application to vacate an arbitration award "shall be made within 90 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known." Minn.Stat. § 572.19, subd. 2 (2002). Failure to file an application to vacate an arbitration award within 90 days when the application is not predicated on fraud, corruption, or other undue means prevents judicial review of the award. *Wacker v. Allstate Ins. Co.*, 312 Minn. 242, 249, 251 N.W.2d 346, 349–50 (1977).

■ Here, the committee's decision was issued on September 23, 2002. It is clear from the record that Mourssi had received a copy of the arbitration award by November 10, 2002. Mourssi moved the district court to vacate the arbitration award on May 14, 2003, considerably more than 90 days after he received a copy of the award. Thus, Mourssi is not entitled to judicial consideration unless his application to vacate was predicated on fraud, corruption, or other undue means.

■ Mourssi claims that the award was procured by corruption, fraud, or other undue means because "one of the arbitrators ... was meeting with a potential buyer prior to the issuance of the September 23, 2002 award." Arbitration awards are strongly favored and a reviewing court must exercise "[e]very reasonable presumption" in favor of the arbitration award's finality and validity. *State, Office of State Auditor v. Minn. Ass'n of Prof'l Employees*, 504 N.W.2d 751, 754 (Minn. 1993).

■ In light of the presumptions favoring an arbitration award, an application to vacate an arbitration award on the grounds that it was procured by fraud, corruption, or other undue means, must present an allegation that, if true, would clearly demonstrate the award was the result of these impermissible means. *See Beebout v. St. Paul Fire & Marine Ins. Co.*, 365 N.W.2d 271, 273 (Minn.App.1985) (stating before district court may consider vacating arbitration award on grounds of fraud, "[f]raud must be established by 'clear allegations and proof'" (citation

omitted)), *review denied* (Minn. May, 31, 1985).

Mourssi's allegation that the arbitrator spoke to a "potential buyer" does not clearly demonstrate the award was result of fraud, corruption, or other undue means when the arbitration award provided Mourssi with the first opportunity to purchase the restaurant at a price that the parties agreed was appropriate. Because we conclude that the district court was not presented with an application to vacate an arbitration award that was filed within the time limits prescribed by chapter 572, section 572.18 only granted the district court jurisdiction to confirm the arbitration award.

### DECISION

The district court properly confirmed the arbitration award under Minn.Stat., ch. 572.

**Affirmed.**