Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 160

James Valley Grain, LLC, Plaintiff and Appellee

v.

Loren David, Defendant and Appellant

No. 20110050

Appeal from the District Court of Sargent County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Laurance Waldoch (argued) and Adam Ballinger (appeared), 4200 IDS Center, 80 South 8th Street, Minneapolis, MN 55402, and Fred Strege (on brief), 321 Dakota Avenue, P.O. Box 38, Wahpeton, ND 58074-0038, for plaintiff and appellee.

Katrina Annette Turman Lang (argued), 505 N. Broadway, Suite 207, P.O. Box 110, Fargo, ND 58107-0110, for defendant and appellant.

James Valley Grain v. David

No. 20110050

Crothers, Justice.

[¶1] Loren David appeals the district court’s judgment confirming the arbitration panel’s award of damages to James Valley Grain, LLC.  David argues the district court erred by confirming the arbitration decision because a valid arbitration agreement does not exist, the arbitration agreement was unconscionable and the arbitration panel failed to properly apply the law and arbitration rules.  James Valley argues David waived his right to challenge the arbitration award because he did not move to vacate the award within the statutory time limit.  We affirm the district court’s judgment confirming the arbitration award. 

I

[¶2] On July 3 and 10, 2007, James Valley and David contracted to sell James Valley soybeans to be grown during the 2008 season.  On August 5, 2008, James Valley sued, alleging David improperly cancelled the contracts in April 2008 and claiming damages for anticipatory repudiation, breach of contract and promissory estoppel.  David answered, stating he lawfully cancelled the contracts on September 1, 2007 and James Valley is estopped from claiming damages after he cancelled the contracts. 

[¶3] On October 6, 2008, James Valley moved to compel arbitration, arguing the National Grain and Feed Association (“NGFA”) Rules were incorporated into the contracts by the terms “Trade rules: NGFA” and the rules require arbitration.  David opposed the motion, arguing that no valid arbitration agreement existed and, if there was a valid arbitration agreement, it was unconscionable and that James Valley waived arbitration by filing the complaint.  On December 18, 2008, the district court ordered arbitration, finding that the arbitration clause was properly incorporated, that the arbitration clause was not unconscionable and that James Valley did not waive its right to arbitrate by filing the complaint.  The parties arbitrated the case before a panel from the National Grain and Feed Association.

[¶4] On August 31, 2010, James Valley moved to confirm the June 22, 2010 arbitration award.  On September 21, 2010, the parties stipulated to David having seven additional days to respond to the motion to confirm the arbitration award, and the district court entered an order based on the stipulation.  On September 28, 2010, David opposed confirmation of the arbitration award, and as part of his “Brief in Opposition to Confirming Arbitration Award,” he argued the district court should vacate the award because the arbitration panel refused to consider the evidence he presented and because no agreement to arbitrate existed.  James Valley responded that David forfeited these arguments because David did not move to vacate the arbitration award within the ninety-day time period specified in N.D.C.C. § 32-29.3-23. 

[¶5] On October 28, 2010, a hearing about confirmation of the arbitration award was held.  On December 15, 2010, the district court issued a memorandum opinion confirming the arbitration award, finding that David did not move to vacate or modify the arbitration award within the time limit, that a valid arbitration clause existed and that, even if the motion had been timely, no reason to vacate the arbitration decision was established.  Judgment was entered in favor of James Valley, and David appeals.

II

[¶6] David argues his response to James Valley’s motion to confirm the arbitration award timely challenged the award.  James Valley asserts David forfeited his right to challenge the arbitration award by failing to move to vacate the award within the time limit provided in N.D.C.C. § 32-29.3-23(2).  Whether David waived challenging the arbitration award by failing to move to vacate the award within ninety days is a question of statutory interpretation.  “Statutory interpretation is a question of law, which is fully reviewable on appeal.”  
Nelson v. Johnson
, 2010 ND 23, ¶ 12, 778 N.W.2d 773.  This Court has explained:

“The primary purpose of statutory interpretation is to determine the intention of the legislation.  
In re Estate of Elken
, 2007 ND 107, ¶ 7, 735 N.W.2d 842.  Words used in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears.  N.D.C.C. § 1-02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-07.  If the language of a statute is clear and unambiguous, ‘the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit.’  N.D.C.C. § 1-02-

05.  In construing statutes, we consider the context of the statutes and the purposes for which they were enacted.  
Falcon v. State
, 1997 ND 200, ¶ 9, 570 N.W.2d 719 (citing 
Van Klootwyk v. Arman
, 477 N.W.2d 590, 591-92 (N.D. 1991)).”

Nelson
, at ¶ 12.  

[¶7] Section 32-29.3-23, N.D.C.C., dictates the procedure for vacating an arbitration award.  An arbitration award shall be vacated by the district court if:

“a.  The award was procured by corruption, fraud, or other undue means;

b.  There was:

(1) Evident partiality by an arbitrator appointed as a neutral arbitrator;

(2) Corruption by an arbitrator; or

(3) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;

c.  An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to section 32-29.3-15, so as to prejudice substantially the rights of a party to the arbitration proceeding;

d.  An arbitrator exceeded the arbitrator’s powers;

e.  There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under subsection 3 of section 32-29.3-15 not later than the beginning of the arbitration hearing; or

f.  The arbitration was conducted without proper notice of the initiation of an arbitration as required in section 32-29.3-09 so as to prejudice substantially the rights of a party to the arbitration proceeding.”

N.D.C.C. § 32-29.3-23(1)(a)-(f).  The statute also provides, “A motion under this section must be filed within ninety days after the movant receives notice of the award pursuant to section 32-29.3-19.”  N.D.C.C. § 32-29.3-23(2). 

[¶8] David received notice of the award on June 22, 2010.  On August 31, 2010, seventy days after David received notice of the arbitration award, James Valley moved to confirm the arbitration award.  On September 21, 2010, ninety-one days after David received notice of the arbitration award, the parties stipulated that David “shall be permitted an additional 7 days to file and serve a response to the Motion to Confirm Arbitration Reward, Request for Judgment, and Request for Attorney’s Fees.” 

[¶9] In 
MBNA America Bank, N.A. v. Hart
, a bank filed an arbitration claim for a customer’s unpaid balance on a credit card.  2006 ND 33, ¶ 3, 710 N.W.2d 125.  
MBNA America Bank, N.A.
 was decided under the Uniform Arbitration Act, and this case is governed by the Revised Uniform Arbitration Act, which was adopted in 2003.  
See
 N.D.C.C. §§ 32-29.3-23 and 32-29.2-12 (1996).  However, the language in both Acts about vacating an arbitration award is similar.  When language in a new uniform act does not change, the case law interpreting the previous uniform act is highly persuasive.  Timothy J. Heinsz, 
The Revised Uniform Arbitration Act: Modernizing, Revising, and Clarifying Arbitration Law
, 2001 J. Disp. Resol. 1, 26 (2001) (“Sometimes the importance of a revision is not in what is changed but in what is not.”).  In 
MBNA America Bank, N.A.
, the arbitration panel issued an award in favor of the bank.  
Id.
 at ¶ 3.  The bank asked the district court to confirm the award over ninety days after the customer received notice of the arbitration award.  
Id.
 at ¶ 4.  The customer opposed confirmation, arguing that “there was no valid arbitration agreement, there was evident partiality by the arbitrator, and the Bank had no valid claim against him because of an accord and satisfaction.”  
Id.
 at ¶ 10.  The district court confirmed the award stating that because the customer failed to timely challenge the award, “this Court has no choice but to enter Judgment accordingly.”  
Id.
 at ¶ 4.  This Court affirmed the district court’s judgment, stating:

“It is well settled that a court must confirm an arbitration award upon application of any party to the award unless a party has filed a motion with the court to vacate, modify, or correct the award within 90 days after delivery of a copy of the award, or within 90 days after  grounds are known or should have been known to the injured party if 

the motion to vacate is based on corruption, fraud, or other undue means.” 

Id.
 at ¶ 9.  

[¶10] Our holdings on the ninety-day deadline are consistent with most jurisdictions handling this issue.  
See, e.g.,
 
Choice Hotels Int’l, Inc. v. Shiv Hospitality, L.L.C.
, 491 F.3d 171, 177 (4th Cir. 2007) (holding a party forfeits arguments to vacate arbitration award by failing to file motion within time limit); 
Abd Alla v. Mourssi
, 680 N.W.2d 569, 573 (Minn. Ct. App. 2004) (“Failure to file an application to vacate an arbitration award within 90 days when the application is not predicated on fraud, corruption, or other undue means prevents judicial review of the award.”); 
Springfield Teachers Ass’n v. Springfield Sch. Dirs.
, 705 A.2d 541, 544 (Vt. 1997) (holding the Vermont Arbitration Act requires filing a timely motion to vacate in all cases); Thomas H. Oehmke, 
Appealing Adverse Arbitration Awards
, 94 Am. Jur. Trials 211 § 28 (2011) (“The failure to file a timely motion to vacate an award is 
jurisdictional
; that is, a tardy filing deprives the court of the jurisdiction to act and will be dismissed.”); 
but see
 
Arrow Overall Supply Co. v. Peloquin Enters.
, 323 N.W.2d 1, 2 (Mich. 1982) (holding defense that no arbitration agreement existed can be raised after deadline because it was a direct attack on arbitrator’s jurisdiction). 

[¶11] The facts of this case differ from those in 
MBNA America Bank, N.A.
 because here James Valley filed its motion to confirm the award before the ninety days provided in N.D.C.C. § 32-29.3-23(2) expired.  We therefore have a new question: Whether filing a motion to confirm an arbitration award within the statutory deadline extends the time to challenge the award. 

[¶12] The majority of jurisdictions have held that filing a motion to confirm an arbitration award does not extend the deadline to challenge an arbitration award.  The courts holding fast to the ninety-day deadline rely on the language in the statutes and the policy behind arbitration.  Section 32-29.3-23(2), N.D.C.C., provides, “A motion under this section 
must
 be filed within ninety days after the movant receives notice of the award.”  (Emphasis added.)  Section 32-29.3-22, N.D.C.C., provides, “After  

a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court 
shall
 issue a conforming order unless the award is modified or corrected . . . or is vacated pursuant to section 32-29.3-23.”  (Emphasis added.)  Use of the words “must” and “shall” in a statute normally indicate a mandatory duty.  
See
 
Sweeney v. Sweeney
, 2002 ND 206, ¶ 17, 654 N.W.2d 407 (“If the duty prescribed in the statute is essential to its main objectives, the word ‘shall’ is to be construed as creating a mandatory duty.” (quotation omitted)); 
see also
 
Fairport Assocs. v. Topelson
, 903 P.2d 1207, 1209 (Colo. App. 1995) (“[B]ased on a literal reading of the Federal Arbitration Act, that [the Act] requires an application for confirmation to be granted unless the award is challenged within the three-month period following issuance of an award.”).

[¶13] “The relatively short period allowed by statute for challenging an award implements the purpose of the Act ‘to uphold arbitration awards whenever possible and to prevent arbitration becoming another layer in the litigation process.’”  
MBNA America Bank, N.A.
, 2006 ND 33, ¶ 9, 710 N.W.2d 125 (quoting 
Springfield Teachers Ass’n
, 705 A.2d at 546).  This rationale was explained by the Wyoming Supreme Court in a case very similar to the present; namely that the prevailing party at arbitration moved to confirm the award and obtain judgment.  
T & M Props. v. ZVFK Architects and Planners
, 661 P.2d 1040, 1042 (Wyo. 1983).  The other party resisted confirmation and moved to vacate the arbitration award even though more than 90 days had passed since receipt of the arbitration award.  
Id.
  The court rejected the latter motion, explaining:

“[The] policy [of requiring a motion to vacate or an answer filed within the original 90-day period] would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to be given its day in court when the plaintiff brought its suit in frustration to have the arbitration award enforced.  If the defendant’s defenses were of such vital importance to it, the defendant nevertheless had an opportunity to raise them in the manner contemplated by the statute.” 

Id.
 at 1042-43 (quoting 
Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Co.
, 628 F.2d 1023, 1027 (7th Cir. 1980)).  

[¶14] The Wyoming 
T & M Props.
 case has another similarity to our own case in that the losing party at arbitration argued his motion to vacate should be viewed as timely because the prevailing party filed a motion to confirm within ninety days of the award.  661 P.2d at 1043.  Also like here, the 
T & M Props.
 parties stipulated that the party seeking to vacate could have additional time to respond to the motion to confirm.  
Id.
  The Wyoming Supreme Court noted the complete lack of authority supporting the argument.  
Id.
  The court proceeded to reject the arguments, holding, “The filing of a petition to confirm thus does not extend the 90-day statutory time period within which a request for vacation of the award must be presented.”  
Id.
 (citing 
Bloom v. Landy
, 389 N.E.2d 1286 (Ill. Ct. App. 1979); 
Hatch v. Double Circle Ranch
, 524 P.2d 958 (Ariz. Ct. App. 1974); 
Trustees of the Boston & Main Corp. v. Massachusetts Bay Transp. Auth.
, 294 N.E.2d 340 (Mass. 1973); 
Component Sys., Inc. v. Murray Enters. of Minnesota, Inc.
, 217 N.W.2d 514 (Minn. 1974); 
Emporium Area Joint Sch. Auth. v. Anundson Constr. & Bldg. Supply Co.
, 166 A.2d 269 (Pa. 1960)).  
See also
 
Chicago Southshore and South Bend R.R. v. Northern Indiana Commuter Transp. Dist.
, 682 N.E.2d 156, 162 (Ill. App. Ct. 1997), 
rev’d on other grounds
, 703 N.E.2d 7 (Ill. 1998) (“The mere filing of a petition to confirm the award in the circuit court by the opposing party does not extend the 90-day period within which a request for vacatur must be presented; thus, if grounds to vacate are raised in response to a petition to confirm, they are timely only if asserted within the 90-day period.”); 
Fairport Assocs.
, 903 P.2d at 1208-09 (filing a motion to confirm does not extend the deadline to challenge arbitration award).

[¶15] Two jurisdictions follow a minority rule allowing a party to challenge the arbitration award after the deadline.  Since 1959, New York has allowed a party to challenge an arbitration award, at any time, in response to a motion to confirm.  
See
 
In re Katz
, 187 N.Y.S.2d 511 (N.Y. 1959).  
See also
 
Brentnall v. Nationwide Mut. Ins. Co.
, 598 N.Y.S.2d 315 (N.Y. App. Div. 1993).  The language in New York’s  statutes governing the procedure for confirming and vacating an arbitration award is similar to North Dakota’s statutes.  
See
 N.Y. Arbitration Law § 7511 (McKinney 2011).  However, the New York court’s reasoning for its proposition is unclear and provides us with no principle to follow.  

[¶16] In California, filing a motion to confirm an arbitration award during the time-

period will extend a party’s time to challenge the award.  
Oaktree Capital Mgmt., L.P. v. Bernard
, 182 Cal.App.4th 60, 66 (Cal. Ct. App. 2010).  However, California has unique procedural rules applicable to arbitration proceedings.  Cal. Civ. Proc. Code Title 9 (West 2011).  California’s rules are different from the Uniform Arbitration Act and the Revised Uniform Arbitration Act.  Based on the language in North Dakota’s statute and the policy behind arbitration, we agree with the majority of jurisdictions holding that filing a motion to confirm an arbitration award does not extend the time limit for moving to vacate the award. 

[¶17] David asserts the party’s stipulation to extend David’s time to respond to the motion to confirm extended the statutory deadline.  Assuming without deciding that the deadline can be extended by an order of the court, the agreement was made on day ninety-one, outside the ninety-day time limit imposed by N.D.C.C. § 32-29.3-23.  Therefore, the stipulation cannot be construed as an agreement to extend the deadline to move to vacate because the deadline already expired.  

[¶18] David argues that not allowing defenses to an arbitration award to be raised in response to a motion to confirm makes responding to a motion to confirm an idle act.  We disagree.  Section 32-29.3-23(2), N.D.C.C., allows a party to allege “the award was procured by corruption, fraud, or other undue means” within ninety days from when the ground becomes known to the party.  Thus, a timely response to a motion to confirm would not be an idle act if the responding party resists the motion based on corruption, fraud or undue means.  We conclude David waived the grounds for vacating an arbitration award under N.D.C.C. § 32-29.3-23(1)(a)-(f) by failing to raise them within ninety days from receiving notice of the arbitration award. 

III

[¶19] David argues an agreement to arbitrate did not exist and the arbitration panel improperly applied the law and the arbitration rules.  We do not reach these issues because David failed to timely challenge the arbitration award.  

IV

[¶20] The district court’s judgment confirming the arbitration award is affirmed. 

[¶21] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.