**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, LOCAL UNION NO. 1533, AFL–CIO, Plaintiff,**

v.

**HAMILTON INDUSTRIES, INCORPORATED, Defendant.**

No. 83–C–1875.

United States District Court, E.D. Wisconsin.

Dec. 19, 1985.

James P. Maloney and George F. Graf, Zubrensky, Padden, Graf & Maloney, Milwaukee, Wis., for plaintiff.

Mark F. Vetter and James E. Braza, Davis & Kuelthau, S.C., Milwaukee, Wis., for defendant.

**DECISION AND ORDER**

WARREN, District Judge.

On November 18, 1983, plaintiff commenced this action by filing a Complaint and Application for Confirmation of a labor arbitration award issued by Arbitrator David B. Johnson on August 4, 1983. This action was commenced pursuant to § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a), and pursuant to the United States Arbitration

Act, 9 U.S.C. § 9, for confirmation of the arbitration award.

On December 12, 1983, the defendant answered the complaint and filed two counterclaims, pursuant to 9 U.S.C. §§ 10, 11, seeking to vacate, modify and correct the arbitration award.

Presently pending in this action is plaintiff's motion to confirm the award and its motions to dismiss the counterclaims and all defenses seeking to vacate, modify or correct the arbitration award, on the ground that the answer and counterclaims are barred by the applicable statute of limitations.

## BACKGROUND

The plaintiff Union represents certain of defendant's employees at its plants located in Two Rivers, Wisconsin. The plaintiff and defendant were parties to a Collective Bargaining Agreement ("the Agreement") which was in effect at all times material hereto. The Agreement provided for the submission of grievances to arbitration.

On June 13, 1981, the plaintiff filed a grievance protesting the company's establishment and application of a "temporary" incentive rate under the Agreement's provisions. The parties processed the grievance through the various steps of the grievance procedure without resolution. The parties thereafter submitted the dispute to arbitration and Arbitrator David B. Johnson was selected by the parties via the procedure provided for in the Agreement. Arbitrator David B. Johnson held a hearing concerning the grievance on June 2, 1983, receiving evidence from both sides. Further, each party was provided with the opportunity to present the testimony of witnesses and to cross examine them, as well as to present testimony in written form.

On August 4, 1983, after an exchange of post-hearing briefs by the parties, Arbitrator David B. Johnson issued an award in plaintiff's favor. Defendant refused to abide by the terms of this award and three and one-half months later plaintiff commenced this action seeking judicial confirmation of the award. Defendant counter-claimed by seeking judicial vacation, modification or correction of the award. Plaintiff contends that the Court should dismiss defendant's counterclaims as untimely, arguing that defendant was obligated to seek to vacate, modify or correct the arbitration award within three months of its issuance.

## DISCUSSION

In *Chauffeurs, Teamsters, Etc. v. Jefferson Trucking*, 628 F.2d 1023 (7th Cir.1980), the Seventh Circuit discussed the timeliness issue present in the instant action. The Seventh Circuit first noted that the Labor Management Relations Act does not provide for a time limitation on actions to vacate an arbitration award in a suit to enforce the award under Section 301. *Id.* at 1026. The Court then held that "the timeliness of a Section 301 suit is to be determined, as a matter of federal law, 'by reference to the appropriate state statute of limitations'." *Id.* at 1026.

The applicable state statute of limitations is contained in Wis.Stat. § 788.13 which provides:

Notice of a motion to vacate, modify or correct an award must be served upon the adverse party or attorney within 3 months after the award is filed or delivered, as prescribed by law for service of notice of a motion in an action....

In *Milwaukee Police Asso. v. Milwaukee*, 92 Wis.2d 145, 165, 285 N.W.2d 119, 128 (1979), the Wisconsin Supreme Court held "that the time strictures of Sec. 298.13, Stats., [currently Wis.Stat. § 788.13] are inapplicable when a party who prevails at an arbitration decides to move to confirm the award and the adverse party desires to raise objections by responding with a motion to vacate, modify or correct the award...." Accordingly, it seems clear that Wisconsin law would not preclude the defendant from moving to vacate the arbitration award in the present action because of lack of timeliness.

In its brief to the Court, plaintiff concedes that Wisconsin law would not bar defendant from moving to vacate the

award, however plaintiff asks this Court to disregard the Wisconsin Supreme Court's holding in *Milwaukee Police Asso., supra.* Plaintiff's position is that the Wisconsin Supreme Court's reasoning in *Milwaukee Police Asso.* was erroneous since it was based on precedent subsequently interpreted differently by other courts. This Court is obligated to acknowledge the Wisconsin Supreme Court's interpretation of a Wisconsin statute as binding. *See, e.g.,* 1A J. Moore, W. Taggart, A. Vestal & J. Wicker, *Moore's Federal Practice* ¶ 0.302[3] (2d ed. 1985).

Without assessing the correctness of the Wisconsin Supreme Court's reasoning, this Court is required by the Seventh Circuit's clear mandate in *Jefferson Trucking, supra,* to apply Wisconsin's statute of limitations. However, the Court opines that the Seventh Circuit's rule contained in *Jefferson Trucking* should be modified, *see, e.g., Krecun v. Bakery, Cracker, Pie, Yeast Drivers,* 586 F.Supp. 545 (N.D.Ill.1984), because of the resulting nonuniformity of the statute of limitations applied in § 301 cases.

Accordingly, the Court holds that the defendant's counterclaims seeking to vacate, modify or correct the award are not barred by the applicable statute of limitations.

A status conference will be held in this matter on Wednesday, January 15, 1985, at 9:45 a.m., in Room 390, Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, to set the briefing schedule for the issues remaining in this case.